KENDRA ORR (State Bar No. 256729)
KING & SPALDING
101 Second Street
Suite 2300
San Francisco, CA 94105
Tel: (415) 318-1200
Fax: (415) 318-1300
korr@kslaw.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIGUEL BOLANOS,<br><br>             Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC, DOES 1-10,<br><br>             Defendants. | Case No: 5:14-cv-00228<br><br>**NOTICE OF REMOVAL** |

Defendant, Equifax Information Services LLC ("Equifax"), files this Notice of Removal of this action from the Superior Court of the State of California, Santa Clara County, where this action is now pending, to the United States District Court, in and for the Northern District of California. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Equifax shows this Court as follows:

1. An action was commenced against Equifax in the Superior Court of the State of California, Santa Clara County, entitled *Miguel Bolanos v. Equifax Information Services LLC,* (the "Lawsuit") on December 12, 2013. Copies of the Summons and Complaint, which are the only papers that have been served upon Equifax in the State Court Action are attached hereto as Exhibit A.

2. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the constitution, laws or treaties of the United States;

1  specifically under 15 U.S.C. §§1681, et seq., otherwise known as the Fair Credit Reporting Act

2  ("FCRA"), as follows:

3    (a) Plaintiff alleges that this action is brought for damages against the Defendant for

4  violation of the provisions of the Fair Credit Reporting Act, 15 U.S.C §1681 et seq. (Exhibit A,

5  Complaint, paras. 32-37).

6    (b) The FCRA provides, pursuant to 15 U.S.C. §1681p, that "any action brought

7  under this chapter may be brought in any appropriate United States District Court without regard

8  to the amount in controversy."

9    3. The Defendant was served with Plaintiff's Complaint on December 16, 2013.

10  This Notice of Removal is being filed within the thirty (30) day time period required by 28

11  U.S.C. §1446(b).  This Notice of Removal is filed within thirty (30) days of receipt of Plaintiff's

12  Complaint by Equifax.

13    4. The Court in which this action was commenced is within this Court's District and

14  Division.

15    5. This Notice of Removal will be filed with the Superior Court of the State of

16  California, Santa Clara County, and a copy of this Notice of Removal will also be served upon

17  the counsel for Plaintiff.

18    WHEREFORE, Equifax prays that the above-described action be removed to this Court.

19  Dated January 15, 2014    KING & SPALDING

/s/ Kendra L. Orr
KENDRA L. ORR
Attorney for Defendant Equifax Information
Services LLC

King & Spalding
101 Second Street
Suite 2300
San Francisco, CA 94105

- 2 –
NOTICE OF REMOVAL

# Exhibit A

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Equifax Information Services, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Miguel Bolanos

[Court stamp: 13 DEC 12 A 10 32, J. CAO-NGUYEN]

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara County Superior Court
191 N. First Street, San Jose, CA 95113

**CASE NUMBER:** *(Número del Caso):* **113CV257548**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben E. Dupre, Esq. 408-874-5300, 2005 De La Cruz Blvd., Suite 203, Santa Clara, CA 95050

DATE: 12/12/13           DAVID H. YAMASAKI            Clerk, by   J. CAO-NGUYEN           , Deputy
*(Fecha)*                Chief Executive Officer, Clerk  *(Secretario)*                     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Equifax Information Srvius, LLC
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 12/16/13

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br> Ben E. Dupre (SBN 231191) <br> 2005 De La Cruz Blvd., Suite 203 <br> Santa Clara, CA 95050 <br><br> TELEPHONE NO.: 408-874-5300  FAX NO.: <br> ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara <br> STREET ADDRESS: 191 N. First Street <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: San Jose <br> BRANCH NAME: Downtown San Jose | ENDORSED <br><br> 13 DEC 12  A 10: 32 |
| CASE NAME: Miguel Bolanos v. Equifax Information Systems, LLC | J. CAO-NGUYEN |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited <br> (Amount           (Amount <br> demanded        demanded is <br> exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 113CV257548 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☑ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 1
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/12/13
Ben E. Dupre
(TYPE OR PRINT NAME)                                  ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

ATTACHMENT CV-5012

**CIVIL LAWSUIT NOTICE**
Superior Court of California, County of Santa Clara    CASE NUMBER: **113CV257548**
191 N. First St., San Jose, CA 95113

> **PLEASE READ THIS ENTIRE FORM**

**PLAINTIFF** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.

---

**RULES AND FORMS:** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: **Honorable Peter Kirwan**    Department: **8**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
    Date: **APR 15 2014**    Time: **3:00 PM**    in Department: **8**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
    Date: _____    Time: _____    in Department: _____

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012 REV 7/01/08         **CIVIL LAWSUIT NOTICE**                    Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION
CV-5003 REV 6/08

< Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- < The action is for personal injury, property damage, or breach of contract
- < Only monetary damages are sought
- < Witness testimony, under oath, needs to be evaluated
- < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- < The parties have complex facts to review
- < The case involves multiple parties and problems
- < The courthouse surroundings would be helpful to the settlement process

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court                                         Santa Clara County DRPA Coordinator
ADR Administrator                                                         408-792-2704
408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 6/08

BEN DUPRE, Bar No. 231191
Dupre Law Firm, P.C.
2005 De La Cruz Bld., Suite 203
Santa Clara, CA 95050
Tel: 408-727-5377
Fax: 408-727-5310
bendupre@gmail.com

Counsel for the Plaintiff, Miguel Bolanos

## SUPERIOR COURT OF SANTA CLARA COUNTY – SANTA CLARA
## (UNLIMITED DIVISION)

| | |
|---|---|
| MIGUEL BOLANOS, | Case No.: |
| Plaintiff, | **113CV257548** |
| v. | DEMAND FOR JURY TRIAL |
| EQUIFAX INFORMATION SERVICES, LLC, DOES 1-10 | |
| Defendants. | |

## I. INTRODUCTION

1. In 2009, as a last resort, Mr. Bolanos filed for bankruptcy protection. With two small children to support and desperately trying to save his home, he was out of options. Throughout the years following his bankruptcy filing, he made all his monthly Chapter 13 plan payments, which ultimately led to successfully obtaining a bankruptcy discharge order. Yet, despite knowing about Mr. Bolonos' bankruptcy, Equifax is falsely reporting on Mr. Bolanos' credit report that he still owes thousands of dollars! Mr. Bolanos disputed this directly to Equifax. In response, Equifax paid little to zero attention, including relying on a knowingly defective automated system to continue reporting that

COMPLAINT

1

Mr. Bolanos still owed thousands of dollars!

2. As a result of defendants unlawful acts and omissions, Mr. Bolanos has suffered emotional distress, including frustration, stress, embarrassment (including getting turned down for credit), humiliation, anger, anxiety, among other negative emotions.

3. According to the most recent FTC Study conducted in December 2012[1], **one in five consumers had an error on at least one of their three credit reports**.

4. As the 9th Circuit has stated, "The legislative history of the FCRA reveals that it was crafted to protect consumers from the transmission of inaccurate information about them". *Guimond v. Equifax Credit Information Co.* (1995) 45 F.3d 1329

According to the FCRA, 15 U.S.C. 1681:

> **(4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.**

5. As one Circuit Court stated:

> "With the trend toward computerization of billings and the establishment of all sorts of computerized data banks, **the individual is in great danger of having his life and character reduced to impersonal "blips" and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause**, and make him unemployable or uninsurable, as well as deny him the opportunity to obtain a mortgage to buy a home. We are not nearly as much concerned over the possible mistaken turn-down of a consumer for a luxury item as we are over the possible destruction of his good name without his knowledge and without reason." *Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982)

6. As the United States Supreme Court commented:

> "For an individual, the [bankruptcy] discharge is unquestionably **the heart and sould of the "fresh start" that Congress intended to provide the poor but honest debtor in bankruptcy.** *See Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S. Ct. 695, 699, 78 L.Ed. 1230 (1934) (explaining that a bankruptcy discharge "gives to the honest but

---

[1] FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003

COMPLAINT

unfortunate debtor … **a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.")**".

7. Equifax has a history, business plan, or practice of unlawful and false credit reporting similar to herein. *Miller v. Equifax*, 3:11-cv-01231-BR (D.OR 2011); *Drew v. Equifax Information Services, LLC, et al.*, Case #3:07-cv-00726-SI (N.D. Cal. 2007) ($1,021,326.60 verdict); *Nelson v. Equifax Information Services, LLC, et al.*, Case No. CV 06-1568-RGK (PLAx)(C.D. CA 2006); *Kirpatrick v. Equifax Credit Information Services*, Case #CV 02-1197-MO (D.OR 2002)($210,000 verdict). conduct is part of a business plan and practice of unlawful collection abuse warranting punitive damages.

## II. JURISDICTION AND VENUE

6. Defendants are authorized to do business and do business in California.

7. Jurisdiction of this Court arises under California Civil Code of Procedure sections 395 and 395.5.

8. Venue is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

8. Plaintiff, Miguel Bolanos ("Mr. Bolanos"), is a natural person residing in San Jose, California. Mr. Bolanos is a "person" as defined by 15 U.S.C. section 1681a(b) and section 1681a(c).

9. Defendant, Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in Atlanta, Georgia, which was at all relevant times doing business in Santa Clara County.

10. Equifax is a consumer reporting agency, as that term is defined under Title 15 U.S.C. 1681a(f).

COMPLAINT

3

11. Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Mr. Bolanos, and who there are sued by such fictitious names.

12. Mr. Bolanos is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Mr. Bolanos. Mr. Bolanos will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

13. Mr. Bolanos alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants. And in doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service of employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

14. Defendants authorized, approved, and/or ratified the acts herein.

15. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Mr. Bolanos to refer to all the defendants above.

## IV. FACTS

### Mr. Bolanos Files for Chapter 13 Bankruptcy Protection

16. In December 2009, Mr. Bolanos sought protection from his creditors by filing a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, case number 09-60888.

17. On February 1, 2010, the meeting of creditors (section 341(a)) was held in San Jose, California.

COMPLAINT

4

### Equifax was Notified of Mr. Bolanos' Bankruptcy

18. On or about December 2009, Defendant Equifax was notified of Mr. Bolanos' bankruptcy.

19. In 2009, Equifax became aware of Mr. Bolanos' bankruptcy.

### Equifax was Notified that Mr. Bolanos Obtained a Discharge

20. In March 2012, Mr. Bolanos completed his Chapter 13 plan payments and the Trustee administering the bankruptcy issued a Notice of Bankruptcy Completion.

21. On or about March 14, 2012, in successfully concluding the bankruptcy, the bankruptcy court issued a Discharge Order, pursuant to 11 U.S.C. section 1328(a).

22. This discharged the debts as of the petition date, including the account discussed herein.

23. Before September 2012, Equifax was aware that Mr. Bolanos obtained a bankruptcy discharge.

### Equifax Falsely Reports Mr. Bolanos Owes Thousands of Dollars

24. In September 2012, in order to verify accurate reporting, Mr. Bolanos obtained his consumer report ("credit report"), as that term is defined under Title 15 U.S.C. 1681a(d).

25. The credit report dated September 2012 reflected multiple false items, including:

    - Bank of the West account falsely showing a balance of over $1,000, among other things.
    - HSBC Levitz account falsely showing a balance of over $1,000, among other things.
    - Bank of America account falsely showing a balance of over $120,000, among other things.

COMPLAINT

### Equifax Ignores Mr. Bolanos and Continue to Falsely Report

26. In response, on or about February 1, 2013, Mr. Bolanos sent Equifax a letter disputing the inaccurate and false reporting.

27. Mr. Bolanos' dispute letter requested the inaccuracies be fixed.

28. On or about February 15, 2013, Mr. Bolanos received Equifax's investigation results.

29. After receiving notice of Mr. Bolanos' dispute from Equifax, Equifax continued to falsely and inaccurately report the following:

- Bank of the West account falsely showing a balance of over $1,000, among other things

- HSBC Levitz account falsely showing a balance of over $1,000, among other things

30. Besides failing to remove the false information, Equifax's investigation identified items that Mr. Bolanos had never even disputed, including a Wells Fargo account, and public record information.

31. Despite receiving Mr. Bolanos' letter disputing the inaccurate information, Defendants willfully failed to take the appropriate action to correct Mr. Bolanos' credit report.

32. Equifax continues to report false and misleading information regarding Mr. Bolanos.

### V. FIRST CLAIM FOR RELIEF – FRCA 1681i(a)(1)(A), i(a)2(B), i(a)(4), e(b)
*Federal Fair Credit Reporting Act 15 U.S.C. 1681 et seq.*

31. Mr. Bolanos re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

### 1681i Violations

32. Equifax acts and omissions violated section §1681i including, but not limited to the below:

   a. Equifax failed to conduct a reasonable reinvestigation in response to Mr. Bolanos' dispute, per §1681i(a)(1)(A).

COMPLAINT

b. Upon information and belief, Equifax failed to promptly provide HSBC Levitz and/or Bank of America with all relevant information regarding the dispute that it received by Mr. Bolanos, per § 1681i(a)(2)(B).

c. Equifax failed to review and consider all relevant information submitted by Mr. Bolanos with respect to his dispute, per §1681i(a)(4).

**1681e(b) Violations**

33. Equifax's acts and omissions violated section §1681e(b), in that Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Bolanos when it prepared a credit report of Mr. Bolanos, as well as the results of the revinvestigation it reported.

34. Equifax's failure to correct the previously disclosed inaccuracies on Mr. Bolanos' credit report was intentional and in reckless disregard of its duties to ensure maximum possible accuracy in preparing a credit report, in conducting a reasonable reinvestigation, in reviewing and considering all relevant information submitted by the consumer, and notifying the consumer of the results of that reinvestigation.

35. On information and belief, Equifax knowingly and intentionally failed to correct the erroneous credit information in direct violation of the Fair Credit Reporting Act.

36. Equifax willfully, intentionally, and without any just cause failed to comply with its duty to conduct a proper investigation, among other duties.

37. Equifax willfully and negligently failed to comply with its duty to investigate Mr. Bolanos' dispute under 15 U.S.C. §1681(n) & (o).

38. As a direct and proximate result of Equifax's willful and untrue communications, Mr. Bolanos has suffered harm, as described above.

39. As a result of these allegations, Mr. Bolanos is entitled to collect actual damages,

COMPLAINT

including emotional distress, punitive damages, and statutory damages, as determined by a trier of fact.

40. As a result of these allegations, Mr. Bolanos is entitled to collect reasonable attorney fees and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Mr. Bolanos, respectfully prays that judgment be entered against the Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. §1681n

B. Award punitive damages to deter further unlawful conduct pursuant to 15 U.S.C. §1681n;

C. Costs and reasonable attorney's fees pursuant 15 U.S.C. §1681n and o;

D. Actual damages against Defendant;

E. For such other and further relief as may be just and proper.

Respectfully submitted,

_____          12/12/13
Ben Dupre, Counsel for Mr. Bolanos          Date

COMPLAINT

8

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Francisco, State of California, and not a party to the above-entitled cause.

On January 15, 2014, I served a true copy of the **NOTICE OF REMOVAL**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B)

[X]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

Ben E. Dupre
2005 De La Cruz Blvd., Ste. 203
Santa Clara, CA 95050

[ ]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Sara Collins

Place of Mailing:  San Francisco, California

Executed on January 15, 2014, at San Francisco, California.